# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| ERIC ALLEN GLOSSON, | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS HABEAS-CORPUS PETITION** |
| Petitioner, | |
| v. | Case No. 2:17-CV-1242-DN |
| STATE OF UTAH, | District Judge David Nuffer |
| Respondent. | |

Petitioner, Eric Allen Glosson, petitions for federal habeas relief. 28 U.S.C.S. § 2254 (2019). Having carefully considered the relevant documents and law, the Court concludes that Petitioner's petition is inexcusably untimely. See 28 *id*. § 2244(d)(1). The petition is therefore dismissed with prejudice.

## ANALYSIS

Federal law imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 *id*. § 2244(d)(1). The period generally runs from the day "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

Utah requires a notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "Failure to timely file an appeal … constitutes a waiver of the right to appeal." *State v. Houskeeper*, 2002 UT 118, ¶ 23.

Petitioner's judgment was entered November 8, 2012. (Doc. No. 1.) The last day Petitioner could have filed a timely notice of appeal was thirty-two days later--December 10, 2012 (Monday). When he did not file a notice of appeal, Petitioner's conviction became final.

The federal one-year limitation period began running on that date and expired on December 10, 2013. Petitioner filed his petition here on December 1, 2017, nearly four years too late. (*Id.*)

## A.  Statutory Tolling

By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2019). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* However, a "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same). Because Petitioner did not file his state post-conviction case until May 5, 2014, it did not toll the limitation period, which had already expired almost five months before. (Doc. No. 7-6.)

## B.  Equitable Tolling

So, Petitioner has no ground for statutory tolling. He does, however, offer arguments for equitable tolling. He suggests that he was not knowledgeable about the appeals and habeas-corpus processes; lacked legal resources; did not initially realize he may have a claim; and was in federal prison without access to Utah law.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely

filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden" of showing equitable tolling applies. *Lovato v. Suthers,* 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

### 1. Extraordinary or Uncontrollable Circumstance

Petitioner generally fails to spell out how circumstances affected his ability to bring his petition earlier. *Johnson v. Jones*, 274 F. App'x 703, 705 (10th Cir. 2008). For instance, he has not specified how, between December 10, 2012, and December 1, 2017, he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what would not allow him to file some kind of petition. He also does not hint what continued to keep him from filing in the nearly four years beyond the limitation period or how extraordinary circumstances eased to allow him to file this habeas-corpus petition on December 1, 2017. Such vagueness is fatal to his contention that extraordinary circumstances kept him from timely filing.

Still, Petitioner asserts his lateness should be excused because he lacked legal resources and knowledge, and was in a federal facility without access to Utah law. However, the argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, 143 F. App'x 913, 914 (10th Cir. 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the [out-of-state] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."); *see also Piotrowski v. Sec'y, Dep't of Corr.*, No. 8:12-CV-2290-T-36AEP, 2015 U.S. Dist. LEXIS 99742, at *11 (M.D. Fla. July 30, 2015) (stating petitioner failed "to show that an alleged lack of access to Florida legal materials during his out-of-state incarceration is a state-

created impediment in violation of the Constitution or laws of the United States"); *Clemons v. Kansas*, No. 07-3054-SAC, 2009 U.S. Dist. LEXIS 98041, at *6 (D. Kan. Oct. 14, 2009) ("[P]etitioner maintains his transfer to federal custody outside [Kansas resulted in] lack of Kansas resources and legal documents [which delayed] him from participating in any legal challenge regarding his conviction and sentence . . . . On the face of the record, however, this is insufficient to demonstrate either extraordinary circumstances or the due diligence necessary to warrant equitable tolling." (citing *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008))). Finally, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and well beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not established this first basis for equitable tolling.

### 2. Actual Innocence

Equitable tolling is also available "when a prisoner is actually innocent." *Gibson*, 232 F.3d at 808 (citing *Miller*, 141 F.3d at 978). But Petitioner does not assert actual innocence, so the Court does not address it further.

### CONCLUSION

Having established that tolling does not apply here, the Court concludes that the limitation period expired on December 10, 2013--nearly four years before this petition was filed on December 1, 2017. With no extraordinary circumstances deterring him from diligently

pursuing his federal habeas claims, Petitioner let his rights lie fallow for years. Petitioner's claims are thus inexcusably untimely.

       **IT IS ORDERED** that the petition is **DENIED** and Respondent's motion to dismiss with prejudice is **GRANTED**. (Doc. No. 7.)

       **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

       This action is **CLOSED**.

       DATED this 22nd day of July, 2019.

            BY THE COURT:

            _____
            JUDGE DAVID NUFFER
            United States District Court